### Mooney v. Humphrey and others.

*(Circuit Court, D. Colorado. June 16, 1882.)*

CONSTRUCTION OF STATE LAWS—RULE OF DECISION.

> The question, what constitutes a corporation of a state, is necessarily a question depending upon the construction of the laws of the state, and upon such question the federal court will follow the rule of decision of the supreme court of the state.

On Motion for New Trial.

*Wells, Smith & Macon,* for plaintiff.

*L. C. Rockwell,* for defendants.

McCRARY, C. J., *(orally.)* In this case there is a motion for a new trial, and to enter a verdict for the defendant. It is a suit brought by the plaintiff against the several defendants upon a bill of exchange. The defendants were the incorporators of a company which claims to be a corporation under the laws of Colorado. The suit is based upon the theory that there is no corporation, that the organization is void, and that the incorporators are liable, as partners, upon this contract. It is claimed, on behalf of the plaintiff, that the organization is not a legal corporation of Colorado, because the law of the state respecting the mode and manner of organizing corporations has not been complied with, in this, that the certificate of incorporation does not state that the stock shall be assessable or non-assessable. There is a provision of the statute that in every certificate of incorporation there shall be a statement showing whether the stock is assessable or not assessable. That is one ground upon which it is claimed that this is not a legal corporation. Another is that the incorporators are all

non-residents of this state; that they reside in New Jersey; that the certificate was executed and acknowledged in New Jersey; that the place of business is in New Jersey; the books are kept there; they had an agent in Colorado to transact their business, and that is all.

Upon these grounds the plaintiff claims that this is not a corporation, and that, therefore, these defendants, who are incorporators and who made this contract in the corporate name, are liable to him as partners. This identical suit was originally brought in the state court; there was a trial there, and judgment for the plaintiff. It was taken upon a writ of error to the supreme court of Colorado, and that judgment was reversed, the supreme court of the state passing upon all the questions to which I have called attention, and holding that the corporation is a legal one, and that the suit should have been brought against the corporation, and not against the incorporators as partners. The ruling will be found reported in the case of *Humphreys* v. *Mooney*, 5 Col. 282. And now the question is whether this court is bound by that ruling of the supreme court of Colorado, and must follow it as a rule of decision in this court. We are clearly of opinion that we are bound by it.

The question, what constitutes a corporation of a state, is necessarily a question depending upon the construction of the laws of the state. Corporations in this country are created by statute, and state corporations are created by state statutes. An examination of the opinion of the supreme court of Colorado will show that it is a construction of the law of this state upon the subject of corporations. As such, we are clearly bound by it upon general principles, and especially in cases of this character.

The supreme court, in the case of *Secombe* v. *Railroad Co.* 23 Wall. 108, held that "when the question is whether, under the constitution and laws of a particular state, a company professing to be a corporation is legally so, this court will receive, as conclusive of the question, the decision of the highest court of the state, deciding in a case identical in principle in favor of the corporate existence." It also falls clearly within the general principle that the federal courts are bound to follow the decisions of the state courts, construing their own constitution or statutes. It is clearly within the evil that is intended to be prevented by this rule, because, if we should hold this organization to be void and no corporation, while the state courts hold it valid, it would result that a non-resident creditor, who could invoke the jurisdiction of this court, would be able to sue stockholders and enforce

claims against them as partners, while a citizen of Colorado would be denied that right.

Upon the whole case, we are constrained to hold that the motion for a new trial must be sustained, and a verdict must be entered for the defendant, and it is so ordered.